UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MORELOCK, Warden,<br><br>　　　　　Defendant. | No. 1:18-cv-00650-SKO (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 11)**<br><br>**21-Day Deadline** |

## I. Introduction

### A. Background

Plaintiff, Elijah Lopez, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action. On October 4, 2018, the undersigned struck Plaintiff's complaint because he had failed to sign the complaint. (Doc. 10.) Plaintiff was given 21 days to file an amended complaint. *Id*.

On October 17, 2018, Plaintiff filed a First Amended Complaint ("FAC"), alleging a claim of excessive force pursuant to 42 U.S.C. § 1983.[1] (Doc. 11.) Plaintiff's FAC is now before the Court for screening. For the reasons set forth below, Plaintiff's FAC is dismissed without prejudice

---

[1] In his original complaint, Plaintiff also alleged a retaliation claim against Defendant Morelcok; however, Plaintiff appears to have dropped the claim in his FAC. (*See* Doc. 1 at 5-7.)

1

and with leave to amend.

### B. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint must be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Discussion

### A. Plaintiff's Allegations

Plaintiff's FAC includes one complaint against Defendant Morelock. Plaintiff contends he was "stripped naked, slammed to the ground" and then "kicked [and] stepped on." He claims this altercation caused him to bleed and "suffer[ ] a loose tooth from [Defendant] Morelock." (Doc. 11 at 3.)

### B. Pleading Requirements

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

2

face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### C. Excessive Force

#### 1. Legal Standard

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam); *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir. 1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir. 1988), *cert. denied*, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards towards inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa 1992) (citation omitted), *aff'd* 973 F.2d 686 (8th Cir. 1992). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citation and quotation marks omitted).

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. *Id*. Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id*. That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. *Id*. at 9.

### 2. **Plaintiff's Excessive Force Claim Is Deficient**

Plaintiff's FAC alleging a claim of excessive force is deficient. Plaintiff fails to include any specific context to support his allegations. While Plaintiff contends force was applied to him, it is unclear whether the force "was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm." *Id*. at 7. Plaintiff claims he was stripped naked, slammed to the ground, kicked, and stepped on; however, Plaintiff provides no context for what precipitated the events. Although federal pleading standards are broad, Plaintiff must allege specific facts regarding Defendant Morlock's actions and the circumstances surrounding the encounter. Accordingly, Plaintiff's FAC is dismissed with leave to amend to allege specific facts that support his excessive force claim against Defendant Morelock.

### III. Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to file a second amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and
3. **Within 21 days** from the date of service of this order, Plaintiff must file a second

4

amended complaint or a notice of voluntary dismissal.

**If Plaintiff fails to comply with this order, the Court will recommend this action be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **February 6, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE