# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LOPEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MORELOCK,<br><br>　　　　　　Defendant. | Case No. 1:18-cv-00650-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO STATE A CLAIM**<br><br>(Docs. 11, 12)<br><br>TWENTY-ONE (21) DAY DEADLINE |

　　　　Plaintiff, Elijah Lopez, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 7, 2019, the Court issued an order finding that Plaintiff failed to state any cognizable claims in the First Amended Complaint and granting Plaintiff leave to file a second amended complaint.  (Doc. 12.)

　　　　Following the passage of more than the allowed time without a response, an order issued for Plaintiff to show cause ("OSC") why the action should not be dismissed for his failure to prosecute and failure to state a claim.  (Doc. 13.)  In response, Plaintiff indicated he had been placed in Ad-Seg, had limited access to supplies, and requested another copy of the screening order with the blank complaint form so that he could fill it out and return it for filing.  Plaintiff's explanation was accepted, the OSC was discharged, a copy of the screening order and a blank complaint form were sent to Plaintiff, and Plaintiff was given twenty-one (21) days to file a second amended complaint or a notice of voluntary dismissal.  (Doc. 15.)  However, more than the allowed time has once again passed without a response.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the date of service of this order why the action should not be dismissed for his failure to state a claim and to comply with the Court's orders; alternatively, within that same time, Plaintiff may file a second amended complaint or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:  **May 14, 2019**                    /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE