UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LOPEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>MORELOCK,<br><br>        Defendant. | Case No. 1:18-cv-00650-NONE-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST**<br><br>(Doc. 33)<br><br>21-DAY DEADLINE |

Defendant moves for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 33.) For the reasons set forth below, the Court recommends that Defendant's motion be granted and this action dismissed without prejudice.

**I.   LEGAL STANDARDS**

    **A.  Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions,

1  interrogatory answers, or other materials," or by showing that such materials "do not establish the
2  absence or presence of a genuine dispute, or that an adverse party cannot produce admissible
3  evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears
4  the burden of proof at trial, "the moving party need only prove that there is an absence of
5  evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*,
6  477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

7  Summary judgment should be entered against a party who fails to make a showing
8  sufficient to establish the existence of an element essential to that party's case, and on which that
9  party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of
10 proof concerning an essential element of the nonmoving party's case necessarily renders all other
11 facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted,
12 "so long as whatever is before the district court demonstrates that the standard for the entry of
13 summary judgment … is satisfied." *Id.* at 323.

### B. Exhaustion of Administrative Remedies

15 The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with
16 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
17 confined in any jail, prison, or other correctional facility until such administrative remedies as are
18 available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is
19 mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199,
20 211 (2007). Inmates are required to "complete the administrative review process in accordance
21 with the applicable procedural rules, including deadlines, as a precondition to bringing suit in
22 federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies
23 to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of
24 the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532
25 U.S. 731, 741 (2001).

26 The failure to exhaust administrative remedies is an affirmative defense, which the
27 defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of
28 producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if

2

the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff failed to exhaust that remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him…." *Id.* If the plaintiff fails to meet this burden, the court must dismiss the unexhausted claims or action without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005).

### C. CDCR Grievance Process

The CDCR has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff if it has an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, § 3084.1(a) (2015). Compliance with 42 U.S.C. § 1997e(a) requires California state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. In 2015, administrative appeals were subject to three levels of review before the remedy was deemed exhausted. Cal. Code Regs. tit. 15, § 3084.1(b) (2015); *see also Sapp*, 623 F.3d at 818.

## II. EVIDENTIARY MATTERS

Although Defendant provided Plaintiff with the requirements for opposing a motion for summary judgment under federal and local rules (Doc. 33-1), Plaintiff failed to reproduce the itemized facts in Defendant's statement of undisputed facts and to admit or deny those facts, pursuant to Local Rule 260. As a result, Defendant's proffered facts are accepted as true, except where they are brought into dispute by Plaintiff's verified complaint and evidence submitted in support of his opposition to Defendant's motion for summary judgment.[1]

///

---

[1] Because Plaintiff is *pro se* and attests under penalty of perjury that the contents of his complaint are true and correct (Doc. 17 at 5), the Court considers as evidence those parts of the complaint that are based on Plaintiff's personal knowledge. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (citations omitted).

3

1    In his opposition, Plaintiff submits evidentiary objections to Defendant's memorandum of
2 points and authorities, statement of undisputed facts, and declarations in support of Defendant's
3 motion for summary judgment. (Doc. 38 at 7.) As an initial matter, Defendant's statement of
4 undisputed facts and memorandum of points and authorities are not evidence, but rather
5 interpretations and arguments based on evidence and points of law. Plaintiff also fails to specify
6 which parts of the memorandum, statement, and declarations are improper. The Court, therefore,
7 overrules Plaintiff's objections.

**III.    SUMMARY OF FACTS**

At all times relevant to this action, Plaintiff was incarcerated at California State Prison, Corcoran. Def.'s Statement of Undisputed Facts ("SUF") ¶ 1 (Doc. 33-3 at 1). Defendant Morelock was employed as a correctional sergeant at the prison. *Id.* ¶ 2. In his operative complaint, Plaintiff alleges that Defendant subjected him to excessive and unnecessary force. Pl.'s Compl. 3-4 (Doc. 17 at 3-4).

Plaintiff submitted an administrative grievance regarding the alleged incident of excessive force on December 19, 2014. Def.'s SUF ¶ 3. Prison officials rejected the grievance on two occasions because Plaintiff failed to attach required documents. *Id.* ¶¶ 4-5. Officials advised Plaintiff to correct the deficiencies and to resubmit the grievance. *Id.*

Plaintiff resubmitted his grievance on January 20, 2015. *Id.* ¶ 6. Officials accepted the resubmission and sent the grievance directly to the second level of review for processing as a staff complaint. *Id.* On February 17, 2015, officials denied the grievance on the merits at the second level of review. *Id.* ¶ 7.

Plaintiff appealed the denial of the grievance to the third level of review on May 13, 2015. *Id.* ¶ 8. The California Department of Corrections and Rehabilitation (CDCR) Office of Appeals rejected the appeal because Plaintiff failed to attach the following required documents: a handwritten statement; CDCR Form 115, Rules Violation Report; CDCR Form 837, Crime/Incident Report; and CDCR Form 7219, Medical Report of Injury or Unusual Occurrence. *Id.* ¶ 9. The rejection letter advised Plaintiff to "take the corrective action necessary and resubmit the appeal." Moseley Decl. Ex. C (Doc. 33-5 at 19).

4

Plaintiff did not resubmit the appeal, and he has not filed any other grievances concerning the incident underlying this action that have been accepted at the third level of review. Def.'s SUF ¶¶ 10-11. Plaintiff filed suit on May 11, 2018. *Id.* ¶ 12.

## IV. DISCUSSION

### A. Plaintiff failed to exhaust administrative remedies before initiating this action

The PLRA requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules … as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system …, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

In 2015, California regulations required that prisoners pursue administrative grievances through three levels of review in order to exhaust their administrative remedies. Cal. Code Regs. tit. 15, §§ 3084.1(b) (2015), 3084.7(d)(3) (2015). State regulations provided that prison officials may reject or screen out an appeal if it was missing necessary supporting documents. *Id.* §§ 3084.3(c) (2015), 3084.6(b)(7) (2015); *see also Sapp*, 623 F.3d at 826 (appeals coordinator did not improperly screen prisoner's grievance for failure to attach a required form). If officials rejected an appeal for missing documents, the prisoner was provided 30 additional days to secure the documents and to resubmit the appeal. *Id.* § 3084.3(c) (2015).

In December 2014, Plaintiff submitted a grievance regarding the alleged use of excessive force by Defendant Morelock. Def.'s SUF ¶ 3. Prison authorities twice rejected the grievance because it was missing required documents. *Id.* ¶¶ 4-5. Plaintiff resubmitted the grievance for a third time in January of 2015, which prison authorities accepted and submitted directly to the second level of review. *Id.* ¶ 6. Officials at the second level denied the grievance on the merits in February of 2015. *Id.* ¶ 7.

Plaintiff appealed the denial to the third level of review in May of 2015. *Id.* ¶ 8. The CDCR Office of Appeals screened out the appeal because it was missing four required

1    documents: a handwritten statement and the applicable CDCR Form 115, Rules Violation Report;
2    CDCR Form 837, Crime/Incident Report; and CDCR Form 7219, Medical Report of Injury or
3    Unusual Occurrence. *Id.* ¶ 9. Although the rejection letter advised Plaintiff to take corrective
4    action and to resubmit the appeal, he failed to do so. *Id.* ¶¶ 9-10.  Plaintiff, therefore, failed to
5    pursue his appeal through the third, final level of review. Plaintiff does not deny that he never
6    completed the third level of review. *See* Pl.'s Opp'n 1-4 (Doc. 38 at 1-4).

7    Based on the foregoing, the Court finds that Defendant meets his burden in showing that
8    Plaintiff failed to exhaust generally available administrative remedies before initiating this action.
9    *See Sapp*, 623 F.3d at 826 (holding that "[a]dministrative remedies were … 'available'" when
10   plaintiff's appeals were "screened for proper reasons," and plaintiff "was required to exhaust
11   them"). The burden now shifts to Plaintiff to show that "something particular in his case … made
12   … administrative remedies effectively unavailable to him." *Williams*, 775 F.3d at 1191.

13   **B.  Plaintiff is not excused from failing to exhaust**

14   Prisoners must only exhaust "available" administrative remedies; they "need not exhaust
15   unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). The Supreme Court has identified
16   three circumstances under which a remedy is unavailable: (1) the remedy "operates as a simple
17   dead end," (2) the "administrative scheme … [is] so opaque that …. no ordinary prisoner can
18   discern or navigate it," and (3) "prison administrators thwart inmates from taking advantage of a
19   grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

20   Plaintiff contends that prison officials thwarted his efforts to complete the administrative
21   review process. Pl.'s Opp'n 3-4. Specifically, Plaintiff alleges that prison authorities "denied
22   [him] access to the required [and] requested documents needed in order to exhaust." *Id.* 2. In
23   support of his argument, Plaintiff includes five "CDCR 22" forms as exhibits, showing that he
24   requested the necessary CDCR Form 7219 from prison authorities on five occasions. *Id.* 9-18.
25   The exhibits indicate that Plaintiff requested Form 7219 in December 2014, January 2015,
26   February 2015, March 2020, and April 2020. *Id.*

27   Plaintiff's argument is unavailing. First, the requests that Plaintiff made in March and
28   April of 2020 were made *after* he initiated this action in May of 2018. Therefore, these requests

have no bearing on Plaintiff's efforts to exhaust *prior* to filing suit. *Cf. McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (holding that the PLRA "requires exhaustion before the filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation").

Second, even if Plaintiff had received a copy of Form 7219 in response to one of his requests made in 2014 or 2015, he still would have been missing three required documents. Plaintiff does not contend that he tried to obtain these missing documents. Thus, even if he had received Form 7219, his appeal would have still been subject to rejection.

Third, Plaintiff does not assert that he notified the CDCR Office of Appeals that he was unable to obtain any of the required documents after the Office rejected his appeal in May of 2015. *See Cordero v. Guzman*, No. 2:13-cv-1551-JAM-KJN, 2015 WL 9319489, at *10 (E.D. Cal. 2015) (noting prisoner's "failure to notify the … Office of Appeals that he could not obtain a copy" of a required document as one factor in finding that prison officials did not thwart his efforts to exhaust); *cf. Meeks v. Nunez*, No. 3:13-cv-0973-GPC-BGS, 2015 WL 13022291, at *9 (S.D. Cal. 2015) ("some district courts have held that … pursu[ing] all 'available remedies' … include[s] correcting any improperly screened-out appeals or appealing the cancellation") (citations omitted). Plaintiff neither contends that he responded to the CDCR Office of Appeals after it rejected his appeal, nor demonstrates that he attempted to obtain any of the identified missing documents until nearly five years later—in March of 2020. As stated above, this was nearly two years after Plaintiff initiated this action in May of 2018.

Based on the foregoing, the Court finds that Plaintiff does not meet his burden of showing that prison authorities thwarted his efforts to complete the administrative review process, or that administrative remedies were otherwise unavailable to him. Plaintiff is therefore not excused from failing to exhaust prior to filing suit.

V.   **CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, the Court recommends that Defendant's motion for summary judgment (Doc. 33) be **GRANTED** and that this action be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

7

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 27, 2021**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE